In re Anonymous No. 64 D.B. 91

Disciplinary Board Docket No. 64 D.B. 91.

*Hearing Committee,* December 12, 1991—

REPORT OF HEARING COMMITTEE [   ]

Hearing Committee [   ] met on Monday, September 30, 1991, to consider the petition for discipline filed against respondent, [   ]. The petition for discipline alleges that the respondent violated Rule of Professional Conduct 1.3, and Rule of Professional Conduct 1.4(a).

Disciplinary Counsel presented evidence regarding respondent's failure to bring an estate proceeding to a conclusion. This estate had been opened in 1977, and as of the date of this hearing no formal audit had been conducted or family agreement had been entered, the only actions necessary to conclude the estate administration.

Disciplinary Counsel also presented evidence that respondent had informed the personal representative of the estate, as well as the heirs of the estate, of what remained to be done to conclude the administration of the estate, and the problems that existed insofar as

being able to accomplish that resolve. Specifically, a parcel of real estate had to be disposed of, however, certain title and/or survey problems made disposition of the real estate extremely difficult without incurring substantial, additional expense.

Respondent provided evidence from his former secretary which corroborated Disciplinary Counsel's evidence that respondent did, in fact, communicate with the individual designated by the personal representative to correspond with the attorney. Respondent further presented testimony from the attorney who had been involved in opening the estate administration, and he verified what had been done in the estate administration by him, what yet had to be done, and the difficulties in accomplishing the finalization of the estate proceedings. Finally, respondent counsel testified that his initial involvement in this matter had been only for the purpose of defending a lawsuit that had been brought against the estate. He thereafter attempted to assist the personal representative and heirs in resolving the various matters necessary to conclude the administration of the estate. Certain title problems existed with respect to the disposition of the property, and respondent advised the individuals interested in the estate of the various options available to remedy this situation. Each one of these options was unattainable for one reason or another. It was apparent from respondent's testimony that until the individuals interested in the estate were willing to expend additional monies, the disposition of this real estate would be a virtual impossibility.

At the conclusion of the testimony, the Hearing Committee met and determined that Disciplinary Counsel had failed to present clear and convincing evidence that the respondent had violated either of the Rules of Professional Conduct with which he had been

charged. The Hearing Committee thereby recommended that the petition for discipline be dismissed. A Form DB-43 was circulated and signed by all members of the Hearing Committee, and accepted and endorsed by respondent, counsel for respondent and the assistant disciplinary counsel.

## ORDER

And now, December 12, 1991, the report and recommendation of Hearing Committee [    ] filed October 7, 1991, pursuant to section 89.181 of the Disciplinary Board Rules, is accepted, and there being no exceptions filed; it is hereby ordered and decreed that the charges against [respondent], docketed at No. 64 D.B. 91, be dismissed.